UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NORFOLK SOUTHERN RAILWAY CO.         CIVIL ACTION NO. 10-cv-1503

VERSUS                               JUDGE HICKS

MURPHY BROTHERS TRUCKING &           MAGISTRATE JUDGE HORNSBY
CONSTRUCTION, LLC, ET AL

**MEMORANDUM RULING**

A tractor-trailer rig driven by Tracy Patten was crossing a railroad track when it was struck by a KCS train. Locomotives and several railcars derailed and damaged or destroyed equipment and cargo. Norfolk Southern Railway Company ("Norfolk") was responsible to the owners of certain equipment and cargo, and it paid about $2.5 million in damages. Norfolk filed suit in June 2009 in a Bienville Parish state court against (1) truck driver Tracy Patten, (2) truck owner Murphy Brothers Trucking and Construction, LLC, (3) Gemini Insurance Company, and (4) Fireman's Fund Insurance Company. Norfolk alleged that Murphy Brothers had negligently entrusted its truck to Patten, Patten had negligently entered the railroad crossing, and that Gemini and Fireman's provided liability coverage to Murphy Brothers for the accident.

There was diversity of citizenship between Norfolk, a Virginia citizen, and the four defendants. But Murphy Brothers and Patten are Louisiana citizens, so the forum-defendant rule of 28 U.S.C. § 1441(b) prevented removal of the case based on diversity jurisdiction. That statute provides that diversity cases are "removable only if none of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought."

Ten months later, in April 2010, Norfolk entered into a settlement agreement with all four defendants. The settlement agreement (also joined by other persons not involved in this suit but who were involved in the accident) noted a possible claim against Liberty Mutual Insurance Company, which had not yet been sued. The agreement court stated that the Mack truck involved in the accident was provided to Murphy Brothers by Mack Trucks, Inc. pursuant to an agreement, and that Liberty Mutual had issued Mack a liability policy that was in effect and provided coverage for the accident. Any claim against Liberty Mutual was excluded from the scope of the settlement.

The settlement agreement stated that, in consideration of certain payments, Norfolk and other parties released and forever discharged Gemini and Firemen's. Norfolk also released Patten, Murphy Brothers (and Mack) from any claims that could be asserted against them personally, but with a reservation of rights against them to the extent there was collectible insurance through Liberty Mutual. The agreement states that no judgment shall be executed against Patten or Murphy Brothers personally, and they are released and absolved from any uninsured exposure. The settlement agreement was signed, but Norfolk did not dismiss any of the four defendants from the state court suit.

In August 2010, four months after the settlement agreement and more than one year after the state court suit was filed, Norfolk amended its state court petition to add defendant

Liberty Mutual. The amended pleading was served on Liberty Mutual, which promptly removed the case based on diversity of citizenship between it (a Massachusetts citizen) and Norfolk (a Virginia citizen). Liberty Mutual acknowledged in its notice of removal potential procedural obstacles but argued that removal was proper under the circumstances.

Norfolk filed a timely Motion to Remand (Doc. 7) on the grounds that (1) the removal is untimely under the one-year limit on removal of diversity cases and (2) the continued presence of Louisiana defendants in the case is a procedural bar to removal.

The timeliness objection is based on 28 U.S.C. § 1446(b). The first paragraph of the statute provides that the notice of removal shall be filed within 30 days after service of the initial pleading. The second paragraph provides that "[i]f the case stated by the initial pleading is not removable," the notice may be filed within 30 days after receipt of an amended pleading or other paper from which it may first be ascertained that the case is one which has become removable, except that a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. The second paragraph applies to "cases which are not removable originally but become removable at a later time," and the one-year limitation applies to such cases. Johnson v. Heublein, Inc., 227 F.3d 236, 241 (5th Cir. 2000).

This case was not removable originally. The presence of two Louisiana defendants barred removal pursuant to the forum-defendant rule of Section 1441(b). Liberty Mutual argues that the settlement with Murphy Brothers and Patten has, despite the lack of formal

dismissal of any defendant, effectively removed those Louisiana citizens from the case so that the forum-defendant rule did not bar Liberty Mutual from removing the case when it was served with the amended petition. Their presence did, however, prevent removal of the suit as originally filed, triggering application of one-year limitation period to this case. Liberty Mutual's removal came after that time expired.

Liberty Mutual argues that Norfolk has engaged in forum manipulation that should equitably toll the one-year limit. The Fifth Circuit held in Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003) that the one-year limit of Section 1446(b) is subject to an equitable exception or equitable tolling when warranted because of forum manipulation by a plaintiff. Tedford did not attempt to set forth detailed rules or guidelines on how the courts should apply the equitable exception, but the rather egregious and obvious facts of that case were found to present circumstances in which equity required the one-year limit be extended.

District courts have since found equitable grounds to extend the time for removal when the manipulation was clear or admitted. See Baby Oil, Inc. v. Cedyco Corp., 654 F.Supp. 2d 508, 515 (E.D. La. 2009) (collecting cases). One judge noted that suspicious circumstances that create a mere "aroma of manipulation" do not amount to the egregious, clear pattern of forum manipulation seen in cases that have applied the exception. Foster v. Landon, 2004 WL 2496216, *2 (E. D. La. 2004). The estoppel doctrine is rarely used and requires a "transparent attempt to circumvent federal jurisdiction." Joiner v. McLane Company, Inc., 2008 WL 1733655, *2 (W. D. La. 2008), quoting Foster.

Norfolk's Motion to Remand and supporting memorandum raised the timeliness objection but did not address the Tedford equitable exception argument. That is likely because Liberty Mutual did not invoke that argument in its notice of removal, relying instead on the revival or "new suit" theory.[1] Liberty Mutual, in its memorandum in opposition, abandoned the revival theory and argued that Norfolk's lack of dismissal of the defendants after the settlement, combined with the four-month delay in filing the amended petition, amounted to forum manipulation that warranted equitable tolling of the one-year limitation. Liberty Mutual argued that Norfolk could have (1) dismissed the original suit and filed a new suit against Liberty Mutual alone, or (2) more promptly amended its petition to add Liberty Mutual before the one-year period expired.

Norfolk counters in its reply that the settlement agreement reserved such claims against the insureds as were necessary to assert an action against Liberty Mutual, whose policy had been produced only shortly before the settlement was reached. Norfolk's counsel

---

[1] Liberty Mutual's notice of removal acknowledged that the case had been pending for more than one year but argued that the rule did not apply because the case stated by the initial pleading was removable. (This position apparently overlooked the presence of forum defendants that barred removal of the original petition.) Following with that position, Liberty Mutual argued that the one-year rule found in the second paragraph of the statute was inapplicable and that the revival or "new suit" exception to the first paragraph permitted its removal. That exception, set forth in Johnson, 227 F.3d at 240-42, applies to the 30-day requirement of paragraph one. It has since been established that paragraph one does not apply because the original petition was not removable due to the presence of forum defendants.

represent in their reply that decisions needed to be made by clients as to whether to pursue Liberty Mutual and, if so, in what forum and in response to which reserved claims. Time was necessary, counsel represent, to make these decisions. They say that they ultimately chose to amend the petition in the original suit in order to keep a lower docket number and improve the chances of getting an early trial date. Norfolk's counsel states that the reservation of "certain claims" against the settling defendants prevented their dismissal from the action. That may or may not be entirely correct, but the court observes that there is enough litigation in Louisiana regarding the effect of a settlement with an insured on a suit against an insurer to influence counsel to keep the insureds in the case to avoid as many arguments as possible. See, e.g., Dukes v. Declouette, 40 So.3d 1231 (La. App. 1st Cir. 2010) (discussing impact of settlement on claim against the insurer and Louisiana decisions on the topic).

The burden is on Liberty Mutual, as the removing party, to establish a basis for the exercise of jurisdiction. In this case, that requires establishing grounds for equitable tolling, which ordinarily requires an egregious, clear pattern of forum manipulation. Liberty Mutual offers the steps taken on the face of the record, and Norfolk's actions could be interpreted as procedural steps taken to avoid removal. But Norfolk's counsel have responded by representing to the court their plausible, non-manipulative explanation for the steps they took after the settlement. The court finds, after consideration of the entire record, that Liberty Mutual has not satisfied its burden.

It bears mentioning that Liberty Mutual did nothing wrong. It promptly removed the case when it was served with the amended petition, but the one-year statutory limitation nonetheless prevents removal at this late stage of the state court action. Unusual factual circumstances are sometimes presented in removal cases that, when combined with the strict statutory and jurisprudential rules, lead to an outcome that a party who has acted in good faith considers unfair. This may be one of those cases, but removal issues may not be decided based on mere fairness. The **Motion to Remand (Doc. 7)** is **granted**, subject to the stay set forth in the accompanying order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of December, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE